609 P.2d 174

STATE of Idaho, Plaintiff-Respondent,

v.

**Edward B. ARMSTRONG,
Defendant-Appellant.**

No. 12851.

Supreme Court of Idaho.

April 7, 1980.

Hartwell H. K. Blake of McDermott & McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Armstrong was convicted of first degree burglary. He, Larry Coon, and one Turner were charged with felonious nighttime entry into a business building north of Pocatello. Coon was apprehended at the site of the alleged crime, entered a plea of guilty, and testified as a state's witness at Armstrong's trial. Armstrong and Turner were apprehended driving a motor vehicle near the area of the alleged crime.

On appeal Armstrong contends (1) that the evidence did not justify the jury's conclusion that Coon had committed the crime of burglary; (2) that the trial court's exercise of discretion in allowing the prosecutor to reopen in order to present the jury with Coon's testimony regarding his activities at the scene was error; and (3) that Coon's testimony was insufficiently corroborated to support Armstrong's conviction.

Our review of the record shows evidence was presented to the jury which established a burglarious entrance by Coon, notwithstanding his equivocating remarks on cross-examination that he didn't mean to steal, which on redirect he explained by stating that he had entered a plea of guilty on his understanding that he was breaking the law if he broke out the door window and walked through it and into the building. He stated also that Armstrong and Turner dropped him off at the scene with instructions to break out the window, go in,

fill the garbage bags with leather goods, and they would swing by and pick him up.

We are not persuaded by Armstrong's contention that it was an abuse of trial court discretion to allow the prosecutor to reopen to clarify Coon's original testimony on the question of whether he entered the building. On Armstrong's motion for a directed verdict at the close of the State's case, counsel for the defense and the prosecutor argued respectively that the evidence already admitted did not show, and did show, a burglarious entry. The trial court ruled that the evidence then in was sufficient to go to the jury, but granted the ensuing motion to reopen. While, as the trial court remarked, it was debatable to allow it, no prejudice is shown, the defense having not started its case, and Coon's second examination in fact providing Armstrong with Coon's statement that his entry was made without an intent to steal.

Contrary to Armstrong's assertion, there is evidence in the record in corroboration of Coon's testimony. Armstrong's own testimony corroborates Coon's narration of being picked up by Armstrong and Turner in Montana, on their return trip to Pocatello, and taking Coon to Armstrong's residence shortly before the alleged crime took place. A police officer's testimony established a breaking in of the door window. An electronic soundwave burglar alarm was activated. One police officer testified that Armstrong admitted pulling the building's light switch. Coon had also testified to this. Thus there was corroborating evidence which, if believed by the jury, was sufficient, notwithstanding that it was strongly contradicted. Being unpersuaded that prejudicial error was committed, we affirm the conviction.